UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

        -against-                                          6:12-CV-0080 (LEK/ATB)

LLOYD McCLARY,

                              Defendant.

_____

## DECISION and ORDER

### I.    INTRODUCTION

        On January 17, 2012, Plaintiff commenced this action alleging that Defendant Lloyd

McClary ("Defendant") defaulted on a promissory note.  Dkt. No. 1 ("Complaint").  Currently

before the Court is Plaintiff's Motion for a default judgment brought under Rule 55(b) of the

Federal Rules of Civil Procedure.  Dkt. No. 7 ("Motion").

### II.    BACKGROUND

        Defendant is a resident of Fulton County, New York.  Compl. ¶ 1.  The Complaint alleges

that Defendant executed a promissory note to secure loans from the Department of Education and

that he has failed to repay the loans in full.  See generally id.  Plaintiff alleges that the current

principal after application of all prior payments, credits, and offsets is $661.66; that the current

capitalized interest balance and accrued interest is $542.15; and that the total amount owed by

Defendant to Plaintiff (the sum of the two prior dollar amounts) is $1,203.81.  Id. ¶ 2.  Defendant

did not file an answer to the Complaint, and on February 13, 2012, Plaintiff filed a Request for an

entry of default.  Dkt. No. 4.  On February 22, 2012, the Clerk of the Court filed an Entry of default

against Defendant.  Dkt. No. 6.  In its Motion, Plaintiff additionally requests that the Court order

that Plaintiff is entitled to recover a $25 fee for "service and travel" per 28 U.S.C. § 1921.  Mot. at

4.

## III.    DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court

must follow before it may enter a default judgment against a defendant.'"  United States v.

Simmons, No. 5:10-CV-1272, 2008 WL 685498, at *2 (N.D.N.Y.  Mar. 2, 2012) (quoting

Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).  "First,

under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's

default."  Id. (internal quotation marks omitted); see also FED. R. CIV. P. 55(a).  "'Second, pursuant

to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment

to the court.'"  Simmons, 2008 WL 685498, at *2 (quotation omitted).  "'Notice of the application

must be sent to the defaulting party so that it has an opportunity to show cause why the court should

not enter a default judgment.'"  Id. (quotation omitted); see also FED. R. CIV. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded

factual allegations in the complaint pertaining to liability."  Bravado Int'l Grp. Merch. Servs., Inc. v.

Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L.

U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default judgment constitutes an

admission of liability, the quantum of damages remains to be established by proof unless the amount

is liquidated or susceptible of mathematical computation."  Flaks v. Koegel, 504 F.2d 702, 707 (2d

Cir. 1974) (citations omitted); see also Bravado Int'l, 655 F. Supp. 2d at 189.  "[E]ven upon default,

a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure

that there is a basis for the damages that are sought."  Robertson, 2008 WL 2519894, at *3.  "The

burden is on the plaintiff to establish its entitlement to recovery." <u>Bravado Int'l</u>, 655 F. Supp. 2d at 189 (citation omitted).  "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" <u>Id.</u> at 190 (quotation omitted).

The moving party also must include an affidavit setting forth that: (1) the responding party is not an infant, incompetent, or in the military service; (2) the responding party has defaulted in appearance in the action; (3) service was properly effected under Rule 4 of the Federal Rules of Civil Procedure; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.  <u>See</u> N.D.N.Y. L.R. 55.2(a).

Here, Plaintiff has failed to comply with the Federal and Local rules, and so the Court denies Plaintiff's Motion without prejudice.  Plaintiff has failed to accompany its Motion with an affidavit satisfying Local Rule 55.2(a)'s fourth and fifth requirements listed above.  <u>See</u> Mot. at 5-6.  If Plaintiff wishes to file a new motion for default judgment, it must do so within 30 days.  Its new motion must comply with the Federal and Local Rules of Procedure and must contain the supporting documentation required by statute and rule.

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for default judgment (Dkt. No. 7) is **DENIED without prejudice**; and it is further

**ORDERED**, that if Plaintiff wishes to file a new motion for default judgment, it must do so **within thirty (30) days**.  Its new motion must comply with the Local Rules and the Federal Rules

3

of Civil Procedure and must contain the supporting documentation required by statute and rule; and

it is further

      **ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

      **IT IS SO ORDERED**.


DATED:       February13, 2013
               Albany, New York

               Lawrence E. Kahn
               U.S. District Judge